UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEORGE PHILLIPS,

       Plaintiff,

v.                                    Case No. 8:21-cv-1819-VMC-CPT

COOK INCORPORATED,
COOK MEDICAL INCORPORATED,
COOK GROUP INCORPORATED,
and COOK MEDICAL, LLC,

       Defendants.
_____/

## ORDER

This matter comes before the Court sua sponte. For the reasons set forth below, the complaint (Doc. # 1) is dismissed as a shotgun pleading.

## I.   Background

Plaintiff George Phillips filed this products liability action on July 28, 2021. (Doc. # 1). Phillips alleges that Defendants Cook Incorporated, Cook Medical Incorporated, Cook Group Incorporated, and Cook Medical, LLC's "surgically implanted medical device, the Cook Celect filter," caused him "serious, life-threatening injury." (Id. at ¶ 11). The complaint includes the following claims against all Defendants: negligence (Count I), strict products liability – failure to warn (Count II), strict products liability –

1

design defect (Count III), strict products liability – manufacturing defect (Count IV), fraud (Count V), negligent misrepresentation (Count VI), and punitive damages (Count VII). (Id. at ¶¶ 37-100).

Upon review of the docket, it does not appear as though Phillips has served any of the Defendants. The service deadline is currently October 26, 2021. See Fed. R. Civ P. 4(m) (providing a ninety-day service deadline).

## II.  **Discussion**

The Court has an independent obligation to dismiss a shotgun pleading. "If, in the face of a shotgun complaint, the defendant does not move the district court to require a more definite statement, the court, in the exercise of its inherent power, must intervene sua sponte and order a repleader." McWhorter v. Miller, Einhouse, Rymer & Boyd, Inc., No. 6:08-cv-1978-GAP-KRS, 2009 WL 92846, at *2 (M.D. Fla. Jan. 14, 2009) (emphasis omitted).

The Eleventh Circuit has "identified four rough types or categories of shotgun pleadings": (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint

that does "not separat[e] into a different count each cause
of action or claim for relief"; and (4) a complaint that
"assert[s] multiple claims against multiple defendants
without specifying which of the defendants are responsible
for which acts or omissions, or which of the defendants the
claim is brought against." Weiland v. Palm Beach Cnty.
Sheriff's Off., 792 F.3d 1313, 1322-23 (11th Cir. 2015). "The
unifying characteristic of all types of shotgun pleadings is
that they fail to . . . give the defendants adequate notice
of the claims against them and the grounds upon which each
claim rests." Id. at 1323.

Here, the complaint is a shotgun pleading because it
falls within the first category identified in Weiland. Counts
II, III, IV, V, VI, and VII roll all preceding allegations
into each count. (Doc. # 1 at ¶¶ 48, 60, 69, 75, 84, 97).
Indeed, each of these counts begins by stating: "Plaintiff
realleges and incorporates by reference each and every
allegation contained in the foregoing paragraphs as though
fully set forth herein." (Id.). This is impermissible. See
Weiland, 792 F.3d at 1322 (identifying "a complaint
containing multiple counts where each count adopts the
allegations of all preceding counts" as a shotgun complaint).

Accordingly, the complaint is dismissed as a shotgun

3

pleading. See Arrington v. Green, 757 F. App'x 796, 797 (11th Cir. 2018) (per curiam) (affirming the district court's sua sponte dismissal of a shotgun pleading). However, the Court grants leave to amend. See Madak v. Nocco, No. 8:18-cv-2665-VMC-AEP, 2018 WL 6472337, at *3 (M.D. Fla. Dec. 10, 2018) ("Because the [complaint] is a shotgun complaint, repleader is necessary[.]").

In repleading, the Court notes that "punitive damages are not an independent cause of action. . . . [They] are merely a remedy that must be asserted in conjunction with a substantive claim." Flying Fish Bikes, Inc. v. Giant Bicycle, Inc., No. 8:13-cv-2890-VMC-AEP, 2015 WL 3452517, at *3 (M.D. Fla. May 29, 2015) (citation omitted). Thus, "[t]here is no need to set out a separate count for punitive damages." Foley v. Orange County, No. 6:12-cv-269-RBD-KRS, 2012 WL 6021459, at *7 (M.D. Fla. Dec. 4, 2012).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The complaint (Doc. # 1) is sua sponte **DISMISSED** as a shotgun pleading.

(2) Plaintiff George Phillips may file an amended complaint that is not a shotgun pleading by **August 5, 2021.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this

4

29th day of July, 2021.


VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE